UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LUCAS ERNESTO GARCIA JUAREZ,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, Field Officer Director for the San Diego Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States, acting in their official capacities,

Respondents.

Case No.: 3:26-cv-03991-LEK-MMP

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Lucas Ernesto Garcia Juarez's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"), filed on July 10, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Senior Warden of Otay Mesa Detention Center; Gregory J. Archambeault, Field Officer Director for the San Diego Immigration and Customs Enforcement Office; Todd Lyons, Acting Director of United States Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); and Todd Blanche, Acting Attorney General of the United States, acting in their official

capacities (collectively "Respondents"), filed a response to the Petition ("Response") on July 20, 2026. [Dkt. no. 4.] Petitioner filed a traverse in support of the Petition ("Traverse") on July 27, 2026. [Dkt. no. 5.]

## BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection in May 2022. He asserts that his first contact with immigration officials was on April 8, 2026. See Petition at ¶ 29. On that day, Petitioner asserts that he was on his way to work with his brother-in-law, Gamael Diego ("Diego"), in Diego's work truck on Interstate 15 in San Diego County. [Petition, Exh. A at PageID.30-31 (English translation of the Declaration of Lucas Garcia Juarez in Support of Motion to Suppress and Terminate Proceedings ("Garcia Juarez Decl.")) at ¶ 1.[1]] Petitioner states that, while he and Diego were driving on Interstate 15, four unmarked vehicles surrounded Diego's work truck. One of the vehicles, which Petitioner identifies as an ICE vehicle, allegedly backed into the front of Diego's truck to prevent it from moving after Diego pulled over. See id. at ¶¶ 2-3.

Petitioner asserts that five men in plain clothes exited the vehicles and approached him and Diego. He also asserts that some of the men had guns. Petitioner states that one of the men reached inside the passenger's side of the truck, where Petitioner was sitting, opened the passenger's side door, and dragged Petitioner out of the truck. Petitioner states he was slammed against the truck, hands behind his back, while another man handcuffed him. See id. at ¶¶ 4-7.

The five men are identified by Petitioner as federal officers. See id. at ¶ 7; see also Petition, Exh. E (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 4/8/26 ("Form I-213")) at 2 (identifying officers who conducted surveillance on

[1] PageID.32-33 of Exhibit A is the Spanish declaration, and PageID.34 is the Certificate of Translation.

Diego on 4/8/26). According to Petitioner, none of the officers wore or presented him with an identifying badge, nor did any of the officers show Petitioner a warrant. Petitioner asserts that, while he was handcuffed, the officers seized his identification and his phone. Petitioner further asserts that some of the officers accused him of being Guatemalan. See Petition, Exh. A at PageID.30-31 (Garcia Juarez Decl.) at ¶¶ 7-8. Petitioner claims that the officers did not ask him for his immigration status, and that they "figured they could arrest [him] because [he] looked Latino." [Id. at ¶ 9.] After the traffic stop, Petitioner claims that he and Diego were moved to an office, where ICE officials took Petitioner's statements without first advising him of his rights. After that, he was taken to another facility in San Diego, and then he was transferred to the Otay Mesa Detention Center, where he remained through the filing of the Petition. See id. at ¶ 10.

Counts One and Two of the Petition argue that Petitioner's detention violates the Immigration and Nationality Act ("INA") because his detention is governed by Title 8 United States Code Section 1226(a), and therefore he is not subject to mandatory detention under Title 8 United States Code Section 1225(b)(2). See Petition at pgs. 18-19. Count Three argues that Respondents' policy of detaining individuals similarly situated to Petitioner under Section 1225(b)(2) violates the Administrative Procedure Act ("APA"), Title 5 United States Code Section 706(2). See id. at pgs. 19-20. Count Four argues that Respondents' arrest of Petitioner was egregious and violates his Fourth Amendment right to be free from unreasonable seizures. See id. at pgs. 20-21. Finally, Counts Five and Six argue that Petitioner's continued detention violates his rights to due process under the Fifth Amendment. See id. at pgs. 21-22. Among other things, Petitioner asks this Court to order his immediate release. He also requests that this Court award him $4,000.00 in attorney's fees and costs. See id. at pg. 22.

Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)" because they concede that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v.

Santacruz." See Response at 1-2; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1104-06 (C.D. Cal. 2025) (concluding that the petitioners' interpretation of Sections 1225 and 1226 is correct, and Section 1226 is "the default detention authority for all persons detained pending a removal decision, while [Section 1225] has a limited temporal scope that concerns 'inspection' and 'expedited removal of inadmissible arriving [noncitizens]'" (second alteration in Maldonado Bautista) (citations omitted)); id. at 1127 (granting certification of a Bond Eligible Class defined as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination").[2]

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite

---

[2] Maldonado Bautista does not apply in this case because, on March 6, 2026, the Ninth Circuit Court of Appeals administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." See Maldonado Bautista et al. v. U.S. Dep't of Homeland Security et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. However, Respondents acknowledge that "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases." [Response at 2 (citations omitted).]

detention - federal habeas corpus jurisdiction remains in the district court. See Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[3]

## DISCUSSION

After the Petition was fully briefed, the Ninth Circuit issued its opinion in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. Because there is no dispute that Petitioner was detained after having entered the United States in 2022 without inspection, see Petition at ¶ 29, the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. This Court turns to Petitioner's argument that he is entitled to immediate release.

### I. Adequacy of a Bond Hearing

Although Petitioner requests the alternative remedy of this Court ordering Respondents to "provide [him with] a bond hearing under 8 U.S.C. § 1226(a) within seven days," [Petition at ¶ 47,] Petitioner appears to have abandoned this position and only requests immediate release. See Traverse at 2 ("Mr. Garcia requests immediate release from detention in his Petition for a Writ of Habeas Corpus. . . . Because a bond hearing will not provide Mr. Garcia with the relief he is entitled to, this Court should grant Mr. Garcia's Petition and order immediate release from custody."). Petitioner cites examples of events that he contends indicate that a bond hearing at this point would be an inadequate remedy. See id. at 4 (citing Mubanga v. Mullin, No. 26-cv-02565-JO-AHG,

---

[3] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

2026 U.S. Dist. LEXIS 148785, at 2 (S.D. Cal. July 6, 2026)); id. at 5 (citing Boukoubongue v. Mullin, No. 26-cv-02491-JO-VET, 2026 LX 389362 (S.D. Cal. July 9, 2026)); id. (referring to national trends where immigration judges are denying bond requests at historic rates "throughout the country" (citing Traverse, Exh. G (Declaration of Zabdi J. Salazar on National Immigration Court Bond Outcomes and Recorded Bond Amounts))).[4]

The relief that Petitioner seeks would require a finding that it is impossible for Petitioner to receive an impartial and individualized bond hearing. The record in this case at this time does not support such a finding. This Court has carefully considered the conclusions made by the district court in Mubanga and Boukoubongue. This Court's experience, however, is that immigration judges continue to be capable of conducting impartial and individualized bond hearings consistent with this Court's orders. See, e.g., Pelevin v. Marrero et al., Case No. 3:26-cv-02477-LEK-AHG ("Pelevin"), Order Granting in Part and Denying in Part Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days and Complaint for Injunctive and Declaratory Relief, filed 5/12/26 (dkt. no. 6) ("Pelevin Order"), at 4-5 (denying the petitioner's request - premised on the ground that a bond hearing would be an inadequate remedy - for immediate release without prejudice, but ordering the respondents to provide the petitioner with an individualized bond hearing subject to various procedural safeguards);[5]

---

[4] In Mubanga, the district court ordered that the petitioner be immediately released in a prolonged detention case after concluding that "recent developments in the immigration court system have rendered a bond hearing an inadequate remedy in this case." 2026 U.S. Dist. LEXIS 148785, at *3, 2026 WL 1945743, at *2. In Boukoubongue, the district court ordered that the petitioner be immediately release in a prolonged detention case for the reasons stated in Mubanga. See Boukoubongue, 2026 U.S. Dist. LEXIS 152168, at *1.

[5] The Pelevin Order is also available at 2026 WL 1300542.

Pelevin, Minute Order Directing the Entry of Judgment, filed 6/3/26 (dkt. no. 8), at 2 (noting that the parties reported that the petitioner's individualized bond hearing was held and that the petitioner was granted release on bond, with additional conditions of release); Makhlouf v. LaRose et al., Case No. 3:26-cv-02636-LEK-JLB ("Makhlouf"), Order Granting in Part and Denying in Part Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed 6/8/26 (dkt. no. 6) ("Makhlouf Order"), at 7-8 (denying the petitioner's request for immediate release without prejudice but ordering the respondents to provide the petitioner with an individualized bond hearing subject to various procedural safeguards);[6] Makhlouf, Minute Order Directing the Entry of Judgment, filed 7/1/26 (dkt. no. 8), at 2 (noting that the parties reported that the petitioner's individualized bond hearing was held and that the petitioner was granted release on bond, subject to conditions). Nevertheless, the examples and statistics that Petitioner cites are concerning. Petitioner's request for immediate release is therefore denied without prejudice.

**II. Fourth Amendment**

Petitioner also claims that the circumstances of his arrest amount to a violation of his Fourth Amendment rights and warrant immediate release. See Petition at ¶¶ 82-86. While there is no dispute that Petitioner was arrested without a warrant, Petitioner does not address Respondents' assertion that "Petitioner was . . . served with an administrative warrant within 48 hours of his April 8, 2026, arrest in compliance with th[e] regulatory process." [Response at 3 n.2.] Nevertheless, it is undisputed that: the officers surrounded Diego's truck on an interstate highway; a vehicle driven by the officers backed into and hit Diego's truck after Diego pulled over on the side of the highway to prevent it from moving; some of the officers approached Petitioner and Diego with guns; and the officers dragged Petitioner out of the vehicle and slammed him against

---

[6] The Makhlouf Order is also available at 2026 WL 1652565.

the truck. Compare Petition, Exh. A at PageID.30-31 (Garcia Juarez Decl.) at ¶¶ 2-6, with id., Exh. E (Form I-213) at 2-3. The circumstances of Petitioner's arrest alarm this Court. Nevertheless, even if Petitioner's arrest was unlawful, release is not a remedy for an unlawful immigration arrest. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." (citations omitted)). At most, an unlawful immigration arrest may impact the admissibility of the evidence obtained in its wake. Cf. id. at 1051 (holding evidence derived from peaceful arrests does not need to be suppressed in a deportation hearing).

## III. Ruling

This Court concludes that ordering Respondents to provide Petitioner with an individualized bond hearing is the appropriate form of relief in this case.[7] In addition, this Court makes the following orders regarding the bond hearing:

-the hearing must be held within seven days after the filing of this order;[8]

---

[7] In light of this Court's determination that Petitioner is entitled to a bond hearing, this Court need not address Petitioner's Fifth Amendment due process claims, [Petition at pgs. 21-22]. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case" (quotation marks and citation omitted)). Further, this Court need not address Petitioner's claim arising from the APA, [Petition at pgs. 19-20,] because the Petition can be resolved on INA grounds.

[8] This Court denies Respondents' request to allow Petitioner's individualized bond hearing to be held within fourteen days after the filing of this order. See Response at 2 n.1. Petitioner's interest in an expeditious remedy for the violation of his statutory rights outweighs the general concerns cited by Respondents. If there is a **case-specific** reason why Petitioner's individualized bond hearing cannot be held within seven days, Respondents may file a motion to extend the deadline. Respondents' motion must, at a minimum, establish the reason why an extension is necessary through a declaration or other supporting documents.

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 22. This Court will consider an application requesting reasonable attorney's fees that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Lucas Ernesto Garcia Juarez's Verified Petition for Writ of Habeas Corpus, filed July 10, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) within seven days of the filing of this Order. Respondents are FURTHER ORDERED to conduct the individualized bond hearing consistent with the terms of this Order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **August 24, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 10, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>LUCA ERNESTO GARCIA JUAREZ VS. CHRISTOPHER J. LAROSE, ETC., ET AL</u>; 3:26-CV-03991 LEK-MMP; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**